*863 ORDER
This case is referred to the Ninth Circuit Mediation Office to explore a possible resolution through mediation. Because a majority of the panel has concluded that an intervening case, Bona v. Gonzales, 425 F.3d 663 (9th Cir.2005), is relevant to the determination of the petition, but would remand for the Board of Immigration Appeals (BIA) to have the opportunity, which it previously did not, to apply the principles of Bona to the facts presented in this petition in the first instance, the majority accedes to the government’s preference for mediation over remand.[1] Given the parties’ agreement to alternative dispute resolution, “the strong judicial policy that favors settlements of disputes,” Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 939 (9th Cir.2007) (internal quotation marks omitted), and that the Ninth Circuit Mediation Office has proven remarkably effective in resolving, to the satisfaction of both petitioners and the government, issues arising in immigration petitions, this mediation referral order meaningfully serves the goals of judicial economy and fairness. To fully decide the question of Bona’s applicability, as our dissenting colleague would desire, would be to substitute ourselves for the BIA as the decisionmaking body. See INS v. Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).
Submission of this matter is therefore vacated until 60 days from the date of this order. Vacatur may be extended by further order of this panel or the Chief Circuit Mediator.
IT IS SO ORDERED.

. During oral argument, counsel for the government stated that "should the court find that Bona is ... somehow pertinent to the petitioner's case, then at that point, we would submit that mediation may be appropriate.” We applaud government counsel for its willingness to resolve this matter through mediation, eliminating the unnecessary expenditure of further judicial and administrative resources.